UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JOHN BAUER, *et al.*,  :  Case No. 3:09-cv-194

    Plaintiffs,  :  Judge Timothy S. Black

vs.  :

SUKHVINDER SINGH, *et al.*,  :

    Defendants.  :

## ORDER GRANTING PLAINTIFF'S MOTION FOR PERMISSIVE JOINDER (Doc. 40)

This matter is presently before the Court on Plaintiffs' Motion for Permissive Joinder, seeking to join certain opt-in Plaintiffs pursuant to Fed.R.Civ.P. 20(a)(1). (Doc. 40). The named Plaintiffs, John Bauer and Jerry Freeze, filed this action alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., and Ohio's counterpart to the FLSA. (Doc. 1). Plaintiffs allege violations of 29 U.S.C. §§ 206 and 207. (*Id.*) The named Plaintiffs sought relief on behalf of themselves and others similarly situated. (*Id*).

Pursuant to 29 U.S.C. § 216(b), violation of §§ 206 and 207 render an employer "liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages." Section 216(b) further provides that an employee may maintain an action for violations of §§ 206 and 207 "in any Federal or State court of competent jurisdiction . . . for and in behalf of himself or themselves and other employees similarly situated." However, "[n]o employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." *Id.*

Generally, courts "use a two-step approach to certify FLSA collective actions. *Houston v. URS Corp.*, 591 F.Supp.2d 827, 831 (E.D. Va. 2008). In the first step, "the Court determines whether Plaintiffs have demonstrated other "similarly situated" putative plaintiffs for "notice" purposes." *Laichev v. JBM, Inc.*, No. 1:07cv802, 2008 WL 8065589, at *4 (S.D. Ohio June 19, 2008). To meet their burden under the first step, Plaintiffs must merely make a "'modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law.'" *Id.* If Plaintiffs are successful, "the Court will authorize Plaintiffs to proceed with this action as a 'collective action' and will allow Plaintiffs to notify putative class members of the pendency of this suit." *Id.* Satisfaction of this first step "is called a 'conditional certification,'" that is "conditioned upon Plaintiffs being able to satisfy the second step of the two-stage approach." *Id.*

The second step, "which follows the close of discovery," involves simply the opportunity for Defendant to move for decertification. *Houston*, 591 F.Supp.2d at 831; *see also Laichev*, 2008 WL 8065589 at fn1 (stating that at the second step "Defendant has the opportunity to file a motion challenging the initial determination of a 'collective action'"); *Johnson v. Koch Foods, Inc.*, 657 F.Supp.2d 951, 954 (E.D. Tenn. 2009) (stating that "[t]he second step occurs after discovery has been taken and is precipitated if an when the defendant files a motion for decertification of the class").

During the second step, the Court "applies a stricter standard to determine whether the putative class of plaintiffs are 'similarly situated' to the named Plaintiffs[,]" and if not, "the Court decertifies the class, and the opt-in plaintiffs are dismissed without prejudice." *Id.* Thereafter, "[t]he original named plaintiffs then proceed to trial on their individual claims." *Id.*

Here, Plaintiffs previously moved for approval of a Notice to opt-in Plaintiffs. (Doc. 11). Defendants filed a response but offered no opposition to conditional certification. (Doc. 13). Instead, Defendants opted to "move to decertify, if and when necessary and applicable." (Doc. 13). The Court approved the Notice and permitted dissemination of the Notice to the potential Plaintiffs. (Doc. 14). Thus, conditional certification of a conditional action was already achieved.

The discovery period in this case ended August 30, 2010. (Doc. 33). Now, Dustin Cassidy, Hubert Palmer, James Dozier and Mark Wilson, all of whom executed Consent to Sue forms and filed them with the Court in September 2009 (Docs. 17, 18, 19, 20), seek to formally join this action as Plaintiffs. (Doc. 40).[1]

Defendants filed no response in opposition to Plaintiffs' motion and, to date, have filed no motion to decertify the conditional certification. Pursuant to Local Rule 7.2(a)(2), "[f]ailure to file a memorandum in opposition may be cause for the Court to grant any Motion, other than one which would result directly in entry of final judgment or an award of attorney fees."

Accordingly, Plaintiffs' Motion for Permissive Joinder (Doc. 40) is **GRANTED** and Dustin Cassidy, Hubert Palmer, James Dozier and Mark Wilson are hereby joined as Plaintiffs in this matter.

**IT IS SO ORDERED.**

Date: October 14, 2010

_Timothy S. Black_
Timothy S. Black
United States District Judge

---

[1] Notably, Plaintiffs' Motion was filed over two months after the Court-established deadline of June 30, 2010, for the filing of motions to add parties. However, considering Defendants had notice of the opt-in Plaintiffs since September 2009, have had the opportunity to conduct discovery of those opt-in Plaintiffs, and their lack of opposition to the conditional certification or Plaintiffs' Motion for Joinder, the Court finds no prejudice.