UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JOHN E. BAUER, *et al.*, : Case No. 3:09-cv-194

    Plaintiffs, : Judge Timothy S. Black

vs. :

SUKHVINDER SINGH, *et al.*, :

    Defendants. :

**DECISION AND ENTRY: (1) DENYING DEFENDANTS' MOTION TO DISMISS THE CLAIMS OF JERRY FREEZE (Doc. 53); (2) DENYING IN PART AND GRANTING IN PART PLAINTIFFS' MOTION IN LIMINE TO EXCLUDE EVIDENCE OF JOB PERFORMANCE (Doc. 54); (3) GRANTING PLAINTIFFS' MOTION IN LIMINE TO EXCLUDE EVIDENCE REGARDING DEFENDANTS' AFFIRMATIVE DEFENSES (Doc. 55); (4) GRANTING PLAINTIFFS' MOTION TO AMEND AND CORRECT THE RECORD (Doc. 57); AND (5) DENYING AS MOOT DEFENDANTS' MOTION TO STRIKE PLAINTIFFS' STATEMENT OF PROPOSED UNDISPUTED FACTS (Doc. 50).**

This civil case is before the Court on the following Motions: (1) Defendants' Motion to Dismiss the Claims of Plaintiff Jerry Freeze (Doc. 53); (2) Plaintiffs' Motion in Limine to Exclude Evidence of Job Performance or Conduct (Doc. 54); (3) Plaintiffs' Motion in Limine to Exclude Evidence in Support of Defendants' Affirmative Defenses (Doc. 55); and (4) Plaintiffs' Motion to Amend and Correct the Record. (Doc. 57). Also before the Court is Defendants' Motion to Strike Plaintiffs' Statement of Proposed Undisputed Facts (Doc. 50), which the Court denies as moot.[1]

---

[1] Plaintiffs filed a Motion for Summary Judgment on September 30, 2010. (Doc. 41). On November 24, 2010, Plaintiffs filed a Statement of Proposed Undisputed Facts in support of their Motion. (Doc. 48). Plaintiffs' Statement was filed in an effort to comply with the Court's Standing Order Governing Civil Motions for Summary Judgment. The Standing Order applies to civil motions for summary judgment filed on or after October 1, 2010. Regardless, the Court's subsequent Order on the Motion for Summary Judgment rendered Defendants' Motion to Strike moot.

**Defendants' Motion to Dismiss the Claims of Jerry Freeze (Doc. 53)**

Defendant moves to dismiss the claims of Plaintiff Jerry Freeze on the grounds that Plaintiffs suggested his death in their Motion for Summary Judgment and, thereafter, failed to timely move to substitute a representative of Freeze's estate. (Doc. 53). Plaintiff Freeze apparently died on or about July 11, 2010. (Doc. 59). Defendant argues that Plaintiff Freeze's claims must be dismissed pursuant to Fed. R. Civ. P. 25(a), which provides that, "[i]f the motion [to substitute the proper party] is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed."

> As noted by courts within the Sixth Circuit:
>
> Two steps are required for the 90-day period to commence. First, the suggestion of death must be made upon the record. [Fed. R. Civ. P. 25(a)(1)]; *Barlow v. Ground*, 39 F.3d 231, 233 (9th Cir.1994); *Grandbouche v. Lovell*, 913 F.2d 835, 836-37 (10th Cir.1990). Second, the suggestion of death must be served upon the other parties and the deceased's successor. *Barlow*, 39 F.3d at 233; *Grandbouche*, 913 F.2d at 836-37; *Fariss v. Lynchburg Foundry*, 769 F.2d 958, 961-62 (4th Cir.1985). If the deceased's successor is a non-party, then the suggestion of death must be served in accordance with Rule 4. Fed. R. Civ. P. 25(a)(1); *Barlow*, 39 F.3d at 233-34; *Grandbouche*, 913 F.2d at 837; *Fariss*, 769 F.2d at 962.

*Jenkins v. Macatawa Bank Corp.*, Nos. 1:03-CV-321, 1:05-CV-460, 1:05-CV-499, 2010 WL 737746, at *1 (W.D. Mich. Mar. 7, 2007). With regard to the requirement that a suggestion of death be made on the record, "[m]ere reference to a party's death in court proceedings or pleadings is not sufficient to trigger the limitations period for filing a motion for substitution." *Grandbouch*, 913 F.2d at 836-37.

Here, the statement in Plaintiffs' Motion for Summary Judgment was not a statement sufficient to commence the 90-day clock in Fed. R. Civ. P. 25(a). Not only was the statement set forth in a motion for summary judgment, there is also no showing that the motion, even if it constituted a sufficient suggestion of death, was served on a representative of Freeze's estate. In fact, Plaintiffs represents that, to date, there is no official representative of the Estate to be served.

Plaintiffs' counsel filed a suggestion of death on January 12, 2011 (Doc. 59) and represents his intention to file a Motion to Substitute by January 21, 2011. Because the 90-day period of time set forth in Fed. R. Civ. P. 25(a) has not elapsed, Defendants' Motion to Dismiss (Doc. 53) is **DENIED**.

### Plaintiff's Motion in Limine to Exclude Evidence of Job Performance and/or Conduct (Doc. 54)

Plaintiffs move the Court to exclude evidence Plaintiffs' job performance, Plaintiffs' conduct on the job, or Defendant's purported rationale for discharging any Plaintiff. Plaintiffs fail to identify specifically the particular evidence or testimony they seek to exclude, but do indicate that Defendant made allegations regarding three Plaintiffs in Response to Plaintiffs' Motion for Summary Judgment. The Court assumes that Plaintiffs refer to allegations that Plaintiffs Cassidy and Freeze were terminated from their employment for stealing auto parts from their employer, and that Plaintiff Wilson was terminated for smoking marijuana on the job.

Plaintiffs argue that such evidence is irrelevant as to whether Plaintiffs were properly compensated under the Fair Labor Standards Act ("FLSA"). Notably, although Plaintiffs' Amended Complaint (Doc. 35) asserted a claim of retaliatory discharge, claiming that certain Plaintiffs were terminated for complaining about wage issues, Plaintiffs have abandoned their retaliation claims because such claims are not set forth in the Proposed Joint Final Pretrial Order. (Doc. 60).

Nevertheless, even in the absence of Plaintiffs' retaliatory discharge claims, evidence of Freeze and Cassidy stealing from their employer is probative of their truthfulness, especially in this case where their estimates of hours worked will be an essential issue presented to the jury. Therefore, such conduct may "be inquired into on cross-examination[.]" *See* Fed. R. Evid. 608(b);[2] *see also Smith v. Specialty Pool Contractors*, No. 2:07-cv-1464, 2009 WL 799748 (W.D. Pa. Mar. 25, 2009).

With regard to Wilson's alleged workplace drug use, absent some showing by Defendants that such evidence is probative of truthfulness, Plaintiffs' Motion is **GRANTED** in that limited respect. Plaintiff's Motion is otherwise **DENIED**.

### Plaintiffs' Motion in Limine to Exclude Evidence Related to Defendants' Purported Affirmative Defenses (Doc. 55)

Plaintiffs also filed a Motion in Limine (Doc. 55) seeking to exclude any evidence related to the affirmative defenses set forth by Defendants in the Amended Answer.

---

[2] Fed. R. Evid. 608(b) provides that "[s]pecific instances of the conduct of a witness, for the purpose of attacking or supporting the witness' character for truthfulness . . . may not be proved by extrinsic evidence. They may, however, in the discretion of the court, if probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness (1) concerning the witness' character for truthfulness or untruthfulness, or (2) concerning the character for truthfulness or untruthfulness of another witness as to which character the witness being cross-examined has testified."

Defendants have not responded to Plaintiffs' Motion.  Plaintiffs argue that Defendants' affirmative defenses have not been sufficiently plead pursuant to the requirements set forth by the Supreme Court in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, --- U.S. ----, 129 S.Ct. 1937 (2009).[3]

The parties, in their Proposed Joint Final Pretrial Order (Doc. 60), set forth the nature of the claims and defenses they will present at trial.  The Court has entered the Final Pretrial Order (based upon the parties' Proposed Joint Final Pretrial Order) and intends to bind the parties to the claims and defenses set forth therein, to admit evidence relevant only to those claims and defenses, and to instruct the jury accordingly.  Insofar as the affirmative defenses set forth in Defendants' Amended Answer do not conform with the Final Pretrial Order, Plaintiffs' Motion is **GRANTED**.

### Plaintiffs' Motion to Amend/Correct the Order on the Motion for Summary Judgment (Doc. 57)

Plaintiffs move to amend and correct the record to reflect that Rajvinder Singh and Paul's Auto Sales, Inc. ("Paul's Auto") are parties to this action.[4]  Counsel, during the Final Pretrial Conference in this case held January 18, 2011, consented to an amendment of the record to reflect that Rajvinder Singh and Paul's Auto Sales are properly parties to this action.  Accordingly, Plaintiff's Motion (Doc. 57) is **GRANTED**.

---

[3] Courts within the Sixth Circuit have reached opposite conclusions as to whether *Twombly* and *Iqbal* apply to affirmative defenses.  *Compare Nixson v. The Health Alliance*, No. 1:10-cv-338, 2010 WL 5230867, at *1-2 (S.D. Ohio Dec. 16, 2010) (stating that "[t]he Court agrees with the reasoning of the courts applying the *Iqbal/Twombly* pleading standard to defenses") *with Sewell v. Allied Interstate, Inc.*, No. 3:10-cv-113, 2011 WL 32209, at *6-7 (E.D. Tenn. Jan. 5, 2011) (concluding that "[b]ecause *Twombly* and *Iqball* do not expressly apply to defenses, and because ... the Sixth Circuit has not expanded the heightened pleading, this Court declines to do so").

[4] In the Order on Plaintiffs' Motion for Summary Judgment (Doc. 51), the Court determined that, because neither Paul's Auto Sales nor Rajvinder Singh are listed as named Defendants in the caption of the Original Complaint or the Amended Complaint, as required by Fed. R. Civ. P. 10(a), they were not parties to this action.

## CONCLUSION

For the foregoing reasons, the Court finds that:

(1) Defendants' Motion to Dismiss the Claims of Jerry Freeze (Doc. 53) is **DENIED**;

(2) Plaintiffs' Motion in Limine to Exclude Evidence Related to Job Performance or Conduct (Doc. 54) is preliminarily **GRANTED** with regard to Plaintiff Wilson's alleged workplace drug use, and is **DENIED** with regard to the remainder of the Motion;

(3) Plaintiffs' Motion in Limine to Exclude Evidence of Defendants' Affirmative Defenses (Doc. 55) is **GRANTED** insofar as those defenses do not conform with the Final Pretrial Order;

(4) Plaintiffs' Motion to Amend and Correct the Record (Doc. 57) is **GRANTED** pursuant to the consent of the parties; and

(5) Defendant's Motion to Strike Plaintiffs' Statement of Proposed Undisputed Facts (Doc. 50) is **DENIED** as moot.

**IT IS SO ORDERED**.

Date: 1/28/11

Timothy S. Black
United States District Judge