UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JOHN BAUER, *et al.*, : Case No. 3:09-cv-194
    Plaintiffs, : Judge Timothy S. Black
vs. :
SUKHVINDER SINGH, *et al.*, :
    Defendants. :

**ORDER: (1) GRANTING PLAINTIFFS' MOTION FOR ORDER DIRECTING DEFENDANTS TO PAY PLAINTIFFS' ATTORNEY'S FEES AND LITIGATION COTS (DOC. 79); AND (2) AWARDING ATTORNEY'S FEES IN THE AMOUNT OF $55,774.50 AND COSTS IN THE AMOUNT OF $1,277.00.**

This civil case is presently before the Court following the Court's Findings of Facts and Conclusions of Law, wherein the Court concluded that Plaintiffs Bauer and Dozier were entitled to attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

Subsequently, Plaintiffs filed a Motion for Attorney's Fees and Costs, representing the incurrence of $69,568.70 in attorney's fees and $1,277 in costs. (Doc. 79). Defendants filed a Response asserting that the hourly rate presented by Plaintiffs' attorney and the total number of hours presented were unreasonable, and argued that Plaintiffs should only recover $18,000 in attorney's fees. (Doc. 80). Plaintiffs then filed a Reply. (Doc. 81). The issue is now ripe for judgment by the Court.

"Attorney's fees must be set in amount that is 'reasonable,' 29 U.S.C. § 216(b), and in recent times the starting point has been a "lodestar" calculation-the product of the number of hours reasonably spent on the case by an attorney times a reasonable hourly rate." *Moore v. Freeman*, 355 F.3d 558, 565 (6th Cir. 2004) (citing *Adcock-Ladd v. Sec'y*

*of Treasury*, 227 F.3d 343, 349 (6th Cir.2000)). After determining the "lodestar" figure, "[t]hat amount may then be adjusted upwards or downwards, as the district court finds necessary under the circumstances of the particular case." *Id*.

In determining the reasonableness of fees, the Court remains cognizant of "[t]he purpose of the FLSA attorney fees provision" which "is 'to insure effective access to the judicial process by providing attorney fees for prevailing plaintiffs with wage and hour grievances.'" *Dellarussiani v. Ed Donnelly Enterprises, Inc.*, No. 2:07-cv-253, 2010 WL 2545349, at *2 (S.D. Ohio Jun. 16, 2010) (citing *Fegley v. Higgins*, 19 F.3d 1126, 1134 (6th Cir.1994); *United Slate, Tile & Composition Roofers, Damp and Waterproof Workers Ass'n, Local 307 v. G & M Roofing and Sheet Metal Co.*, 732 F.2d 495, 501 (6th Cir.1984) ). Further, "[c]ourts should not place an undue emphasis on the amount of the plaintiff's recovery because an award of attorney fees [in a FLSA case] 'encourage[s] the vindication of congressionally identified policies and rights.'" *Id*. (citing *Fegley*, 19 F.3d at 1135; *United Slate*, 732 F.2d at 503)).

## REASONABLE HOURLY RATE

Here, Defendants' first objection to the attorney fee request is the $285 hourly rate claimed by Plaintiffs' attorney. Defendants argue that, based on the experience of Plaintiffs' attorney and his geographic area of practice, *i.e.*, Butler County, Ohio, an hourly rate of $150 per hour is reasonable. In support of their contentions, Defendants present the affidavits of attorneys Christopher Pagan and J. Gregory Howard, both attorneys in Hamilton, Butler County, Ohio. (Docs. 80-2, 80-3). Neither attorney states

that they litigate FLSA claims or practice employment law. Accordingly, the Court finds the affidavits of attorneys Pagan and Howard are not particularly helpful in determining the reasonableness of he claimed hourly rate.

Defendants also present a publication titled, "The Economics of Law Practice in Ohio[,]" published by the Ohio State Bar Association's Solo, Small Firm & General Practice Section. Plaintiffs' attorney vehemently objects to Defendants' reliance on this publication.

Plaintiffs' objection notwithstanding, this Court notes that "[o]n several occasions, the Sixth Circuit has approved of the use of a state bar survey of hourly billing rates in determining a reasonable hourly rate." *Doe v. Ohio*, No. 2:01-cv-464, 2010 WL 2854106 at *4 (S.D. Ohio Jul. 19, 2010) (citing *Gonter v. Hunt Valve Co., Inc.*, 510 F.3d 610, 618 n. 6 (6th Cir.2007); *Auto Alliance Int'l Inc. v. United States Customs Serv.*, 155 Fed. Appx. 226, 228 (6th Cir.2005)). Accordingly, the Court will consider the publication as a proper reference but acknowledges that "the average hourly billing rates do not adequately take all relevant factors into account[,]" such as "the complexity of the litigation or the fields of specialties of the attorneys." *Id*. (citing *Lee v. Javitch, Block & Rathbone*, 568 F. Supp. 2d 870, 876 (S.D.Ohio 2008)).

Defendants interpret this literature to support a contention that the reasonable hourly rate for a solo practitioner with 11-20 years experience in the practice of law in Southwest Ohio, excluding Cincinnati and Dayton, is $150. The Court's review of this publication and the chart referenced by Defendants actually appears to demonstrate that in

2007, the average hourly billing rate of a solo-practitioner in Ohio was $173, $195 for an attorney with 11-15 years in practice, $167 for an attorney in southwest Ohio, $188 for an attorney in Greater Dayton, and $217 for an attorney in Greater Cincinnati. Hourly rates in the "upper quartile" were $200 for a solo practitioner, $225 for attorneys with 11-15 years in practice, $198 for attorneys in southwest Ohio, $225 for attorneys in Greater Dayton and $250 for attorneys in Greater Cincinnati. Rates at the ninety-fifth percentile were $250 for a solo-practitioner, $330 for attorneys with 11-15 years in practice, $202 for attorneys in southwest Ohio, $291 for attorneys in Greater Dayton, and $366 for attorneys in Greater Cincinnati.

The Court finds that the publication offers no support for Defendants' contention that the reasonable hourly rate for Plaintiffs' attorney in this case should be as low as $150. Defendants' contention is also not supported by a 2005 decision within this district wherein United States Magistrate Judge Michael R. Merz concluded that Plaintiffs' attorney's reasonable hourly rate at that time was $200 per hour. *Turner v. Perry Twp., Ohio*, No. 3:03-cv-455, 2005 WL 6573783 at *1 (S.D. Ohio Dec. 30, 2005). Courts have held that, in determining reasonable hourly rates, court should consider "the hourly billing rates found by Ohio courts to be reasonable in similar cases for attorneys with similar experience." *Doe*, 2010 WL 2854106 at *4.

In light of the five year old finding in *Turner* and based on the 2007 publication offered by Defendant, the Court concludes that the hourly rate of $285 proffered by Plaintiffs' attorney is reasonable.

## HOURS REASONABLY EXPENDED

In challenging the total number of hours Plaintiffs' attorney spent on the case, Defendants first assert that the total number of hours expended must be reduced because Plaintiffs prevailed on only two claims of the numerous claims asserted in the Complaint. In determining "the extent to which a fee should be adjusted when a plaintiff wins on some claims and loses on others[,]" the court must first look "to see whether the claims on which the plaintiff won and the claims on which the plaintiff lost are related." *Moore*, 355 F.3d at 565 (citing *Hensley v. Eckerhart*, 461 U.S. 424 (1983)). Where the claims won and lost both "employ 'a common core of facts or [are] based on related legal theories,' . . . the court should consider 'the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation.'" *Id.* (internal citations omitted).

Because no formula exists to determine the reasonableness of a fee, the court has discretion to determine the impact of the relatedness or non-relatedness of the facts and law on each claim. *Id.* Nevertheless, the Supreme Court and the Sixth Circuit have concluded "that attorney's fees should not be reduced by the ratio of successful claims to claims overall." *Id.* at 566 (citing *Phelan v. Bell*, 8 F.3d 369, 374 (6th Cir.1993); *Hensley*, 461 U.S. 424)).

Here, Plaintiffs Bauer and Dozier prevailed on their claims that Defendants violated the FLSA by failing to pay overtime wages. Plaintiffs abandoned their FLSA minimum wage claims, but those claims involved the same facts and similar law as

Plaintiffs' overtime claims. Accordingly, no reduction is necessary as a result of Plaintiffs' abandonment of these claims.

Plaintiffs also asserted claims for FLSA retaliation, wage conversion, and claims under Ohio Revised Code ("O.R.C.") § 4111.09. Plaintiffs moved to dismiss some of these claims without prejudice in the days before trial (Doc. 71), which the Court orally denied. Plaintiffs declined to move forward with these claims at trial, and therefore, these claims were also abandoned.

The Court finds that no reduction is required for abandonment of the O.R.C. § 4111.09[1] claim because fees related to this claim would have been nominal. In fact, the Court's review of the fee statement provided by Plaintiffs shows no entries specifically dedicated to this claim. Further, the Court finds that no deduction is required for abandonment of the wage conversion claims because such claims were premised on the same core facts as the overtime claims.

With regard to claims of retaliation, the Court finds that time expended in furtherance of these claims is properly deducted because the core facts and the law regarding such claims are not entirely common. The Court declines Defendants' invitation to simply reduce the overall hours presented by Plaintiffs by some percentage. Instead, the Court's review of the fee statement provided by Plaintiffs reveals

---

[1] O.R.C. 4111.09 provides that "[e]very employer subject to sections 4111.01 to 4111.17 of the Revised Code, or to any rules issued thereunder, shall keep a summary of the sections, approved by the director of commerce, and copies of any applicable rules issued thereunder, or a summary of the rules, posted in a conspicuous and accessible place in or about the premises wherein any person subject thereto is employed."

approximately 5.6 hours expended on claims of retaliation.[2] Those specific fee entries are deducted from the overall hours presented by Plaintiffs.

Defendants also seek a fifty-percent reduction in the total amount of time arguing that the case was simple, that the parties engaged in limited discovery, limited motion practice and trial was short. Typically, "parties 'should raise objections with specificity, pointing out particular items, rather than making generalized objections to the reasonableness of the bill as a whole.'" *Hess Envtl. Services, Inc.*, 111 F.3d 132 (6th Cir. 1997) (citing *Wooldridge v. Marlene Industries Corp.*, 898 F.2d 1169 (1990)). "Where a party fails to offer specific objections to a fee statement, we review the statement only to eliminate those charges which are unreasonable on their face." *Id.* (citing *Wooldridge*, 898 F.2d at 1176).

Here, in the absence of any specific objection to any of the itemized billing entries provided by Plaintiffs, the Court declines to reduce the overall number of hours presented by Plaintiffs based on Defendants' conclusory assertion that the case was simple. Further, the Court declines to reduce the overall number of hours presented by Plaintiffs based on Defendants' objection that the trial was short. The brevity of trial is reflected in the fee statements provided by Plaintiffs, and Defendants offer no specific objections to any particular billing entry.

Further, the Court disagrees that motion practice was limited. Plaintiffs filed an

---

[2] The billing entries for these hours are found on April 27, 2009, April 28, 2009, May 12, 2009, June 1, 2009 and June 8, 2009. There are other billing entries regarding retaliation, but those entries were either already deducted by Plaintiffs' attorney or are otherwise deducted by the Court as set forth in this Order.

unopposed Motion for Joinder. (Doc. 40). Plaintiffs filed a Motion for Summary Judgment, to which Defendants filed a Response and Plaintiffs filed a Reply. (Docs. 41, 43, 46). Defendants also filed Motions to Strike evidence offered in support of summary judgment, to which Plaintiffs filed Responses. (Docs. 45, 47). Plaintiffs also filed two Motions in Limine and this Motion for Attorney Fees and Costs. (Docs. 54, 55, 79).

The Court does agree that discovery was limited insofar as the parties took no depositions. The parties did engage in written discovery and Plaintiffs did subpoena documents from third-parties. However, again, the itemized billing statement provided by Plaintiffs reflects the actual time expended while engaging in discovery. Defendants make no reference to the billing statement provided by Plaintiffs, and Defendants make no specific objection to any of the itemized billing entries. Accordingly, in the absence of specific objections to entries on the fee statement, the Court declines to reduce the overall number of hours presented by Plaintiffs based on Defendants' conclusory, non-specific assertion that discovery was limited.

Nevertheless, the inquiry does not stop there. The Court, as required, reviewed the fee statement provided by Plaintiffs for any facially unreasonable charges. The Court notes that Plaintiffs' attorney has provided an affidavit stating that he attempted to deduct hours spent specifically on the claims of Plaintiffs Freeze, Cassidy and Wilson, all which settled, as well as the hours spent on the claims of non-prevailing Plaintiff Palmer.

A review of the billing statement provided by Plaintiffs shows that some of the billing entries were, in fact, subtracted because they related to the claims of either

Plaintiffs Freeze, Cassidy, Wilson or Palmer. However, there are additional entries specifically directed to the claims of these Plaintiffs that were not deducted by Plaintiff, but will be deducted by the Court. Further, the Court finds that other reductions are necessary as a result of those settlements and the ultimate disposition of Palmer's claim in favor of Defendants.

On May 1, 2009, a billing entry for 0.2 hours appears to relate solely to the claim of Plaintiff Freeze. That time is deducted. The Court also deducts a billing entry dated September 16, 2009, which describes 0.3 hours of work related to a potential claim by opt-in Plaintiff James Gist, a claim that was later withdrawn. (Doc. 21). The Court also reduces the billing entry dated October 19, 2009, in half, because that entry block-bills time related to the claim of James Gist. The Court also deducts 0.5 hours of work expended on the claim of James Gist on October 23, 2009, 0.2 hours of work expended on the claim of Plaintiff Wilson on January 13, 2010, and 0.4 hours expended on the claim of Plaintiff Freeze on July 12, 2010.

The fee statement also presents 32.1 hours in preparation of Plaintiffs' Motion for Summary Judgment between September 8, 2010 and September 30, 2010. Approximately half of the argument set forth in the Motion for Summary Judgment (Doc. 41) was specifically directed to the claims of Freeze, Cassidy, Wilson and Palmer. As a result, the Court believes that the total 32.1 hours expended in preparing the summary judgment

motion must be reduced by half.[3] Accordingly, Plaintiff is entitled to claim 16 hours as a reasonable amount of time expended in preparing the Motion for Summary Judgment in September 2010.

Second, the fee statement presents 16.5 hours in preparation of Plaintiffs' Reply. (Doc. 46). The significant substantive portion of Plaintiffs' Reply involved a response to Defendants' contention that Freeze, Cassidy and Wilson were neither "engaged in commerce or in the production of goods for commerce" nor "employed in an enterprise engaged in commerce or in the production of goods for commerce" as required by 29 U.S.C. § 207(a)(1). Because a significant portion of the Reply related only to the claims of Plaintiffs Freeze, Cassidy and Wilson, all of which ultimately settled, the Court finds that Plaintiffs are only entitled to 1.5 hours for work on the Reply.

The Court also deducts 1 hour of the block-billed time spent on January 4, 2011, for preparing a Motion in Limine seeking to exclude evidence of job performance or conduct. (Doc. 54). That Motion specifically involved the claims of Plaintiffs Freeze, Cassidy and Wilson.

Beginning approximately December 20, 2010, Plaintiffs' attorney spent considerable time preparing all claims for trial. Part of the trial preparation included preparation of a Trial Brief (Doc. 67), a quarter of which was devoted solely to enterprise coverage and/or individual coverage under the FLSA. Because those issues only

---

[3] In making this determination, the Court notes that portions of the Motion for Summary Judgment setting forth the law and its general application to all Plaintiffs are not included among this deduction. The Court's reduction subtracts only that time the Court estimates was spent setting forth the facts and argument specific to Plaintiffs Freeze, Cassidy, Wilson and Palmer.

-10-

concerned the claims of Freeze, Cassidy and Wilson, time must be deducted. Accordingly, the Court deducts a total of 3.9 hours from the block-billed entries on January 17, 19 and 20, 2011.

The Court also deducts 1 hour expended on February 3, 2011, for time spent deducting "charges related solely to Freeze, Wilson and Cassidy's claims." (Doc. 79-2). The Court deducts the 0.3 hours expended on February 7, 2011, and the 0.3 hours expended on February 8, 2011, because that time was spent solely on finalizing settlement of the claims asserted by Freeze, Cassidy and Wilson. Finally, the Court reduces in half the approximately 6 block-billed hours on February 15 and 16, 2011, for time spent striking billing entries devoted to Palmer's claims.

In total, of the 244.5 total hours submitted by Plaintiffs, the Court deducts 48.8 hours. The Court finds that Plaintiffs' attorney reasonably expended 195.7 hours on the case at a rate of $285 per hour. Accordingly, Plaintiffs Bauer and Dozier are entitled to attorney's fees in the amount of $55,774.50. Noting no objection to the amount of costs presented by Plaintiffs, the Court finds that Plaintiffs Bauer and Dozier are entitled to recover costs in the amount of $1,277.00.

**IT IS SO ORDERED**.

Date: 4/8/11

Timothy S. Black
United States District Judge